## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS

Plaintiff is a California resident with physical disabilities. (Complaint, ¶ 1) Plaintiff is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility. (Complaint, ¶ 1) The Plaintiff went to Store in April 2015 to shop (Complaint, ¶ 10). Unfortunately, the facilities are not accessible to wheelchair users and there is no compliant handicap accessible parking available in the lot (Complaint, ¶ 13). Additionally the defendants has failed to maintain in working and usable conditions requites to be maintained for persons with disabilities (Complaint, ¶ 30). Because of this, Plaintiff filed this complaint on September 17, 2015.

Counsel searched business and property records using the TransUnion/TLO XP (TLO) search engine's California Ultimate Weapon Database, which is one of the strongest research tools used nationwide by governmental agencies, law enforcement, law firms and private detectives. TLO collects and maintains records nationwide records which include all listed addresses, all real listed real property, corporate interests, legal and criminal cases, professional licenses, Board of Equalization licenses, utilities, voting registrations, driver's license information, and deaths. (Declaration of Mark Potter, "Potter Dec.", ¶ 2). The search revealed that Defendants Nejat Mirharooni and Shahnaz Mirharooni had mailing address at – 11810 KEARSARGE ST, LOS ANGELES, CA 90049-4227 and 11812 KEARSARGE ST, LOS ANGELES, CA 90049-4227 (Potter Dec. ¶ 3). Counsel hired Armada Prime, LLC at PO Box 262082, San Diego, CA 92196-2490, to serve Defendants with process. (Potter Dec., ¶ 4) Armada Prime, LLC process servers attempted to serve Defendants at the address 11810 KEARSARGE ST, LOS ANGELES, CA 90049-4227 and 11812 KEARSARGE ST, LOS ANGELES, CA 90049-4227 at multiple time of the day but they were unsuccessful. (See Exhibit I) (Potter Dec., ¶ 5).

Additionally, counsel sent a notice of acknowledgement and receipt to Defendant Nejat Mirharooni at 11812 KEARSARGE ST, LOS ANGELES, CA 90049-4227 and Defendant

-3-

Application to Serve by Publication                           5:15-cv-01900-PA-KK
Memorandum of Points and Authorities

Shahnaaz Mirharooni at 11810 KEARSARGE ST, LOS ANGELES, CA 90049-4227 on 18th November 2015. (See Exhibit II.) (Potter Dec., ¶ 6) To date, Defendants have neither signed nor returned the notice. (Potter Dec., ¶ 8). Counsel's further search revealed there was no change in the current mailing address of the defendant which continues to be 11810 KEARSARGE ST, LOS ANGELES, CA 90049-4227 and 11812 KEARSARGE ST, LOS ANGELES, CA 90049-4227 (Potter Dec. ¶ 9). Counsel hired E- serve at 624 Broadway, Suite 303, San Diego, CA 92101 to serve Defendants with process (Potter Dec. ¶ 10). E-serve process servers  attempted to serve Defendants at the address 11810 KEARSARGE ST, LOS ANGELES, CA 90049-4227 and 11812 KEARSARGE ST, LOS ANGELES, CA 90049-4227 at multiple time of the day and till recently but they were unsuccessful. (See Exhibit III) (Potter Dec., ¶ 11). Defendant's whereabouts are unknown and counsel has been unable to locate any additional addresses for the Defendants. (Potter Dec., ¶ 12)

## II. THIS COURT SHOULD AUTHORIZE PUBLICATION OF THE SUMMONS

Plaintiff has exercised reasonable diligence in attempting to serve Defendant by other methods. Service by publication is authorized if "upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence" be served in another manner. (CCP § 415.50(a).) For service upon individuals, other methods of service include personal service (CCP § 415.10), service by mail (CCP § 415.30) and abode service (CCP § 415.20(b).) Reasonable diligence is shown through a "thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." (*Watts v. Crawford* (1995) 10 Cal.4th 743, 749, fn 5.)

Here, Plaintiff's counsel attempted personal service by hiring process servers to serve Defendants at his last known mailing addresses. Because the process server was either continuously unsuccessful, or informed that Defendants did not reside at these addresses, service could not be effectuated by either personal or substituted service. Additionally, Plaintiff attempted to

-4-

Application to Serve by Publication                          5:15-cv-01900-PA-KK
Memorandum of Points and Authorities

serve Defendants by mail by sending a notice of acknowledgment and receipt. However, as of the date of this motion Defendants has not signed and returned the notice.

### III. CONCLUSION

Plaintiff respectfully requests that this court issue an Order allowing Plaintiff to serve Defendants Nejat Mirharooni and Shahnaz Mirharooni through publication of summons.

Dated: January 13, 2016                              CENTER FOR DISABILITY ACCESS


By:___/s/ Mark Potter_____

Mark Potter

Attorney for Plaintiff

-5-

Application to Serve by Publication                              5:15-cv-01900-PA-KK
Memorandum of Points and Authorities