CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
      San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
      San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br><br> Plaintiff, <br><br> v. <br><br> **Nejat Mirharooni; Shahnaz Mirharooni; Tan Oh**; and Does 1-10, <br><br> Defendants. | Case: 5:15-CV-01900-PA-KK <br><br> **Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against Tan Oh and Request to Affix Fees** |

---

Plaintiff's Application for Default Judgment       Case: 5:15-CV-01900-PA-KK

# TABLE OF CONTENTS

I.      PROCEDURAL POSTURE ----------------------------------------------------------- 1

II.     CONCISE FACTUAL STATEMENT ----------------------------------------------- 1

III.    ARGUMENT ---------------------------------------------------------------------------- 2

        A.   The Americans with Disabilities Act --------------------------------------- 3

             1. *The Plaintiff is Disabled* ------------------------------------------------ 4

             2. *The Defendant's Business is a Public Accommodation* -------------------- 4

             3.  *The Business Presented Physical Barriers* ------------------------------- 5

             4. *Summary* ---------------------------------------------------------------- 5

        B.   The Unruh Civil Rights Act ------------------------------------------------- 5

IV.     THE EITEL FACTORS SUPPORT GRANTING THE MSJ ----------------- 6

        A.   Possibility of Prejudice to Plaintiff---------------------------------------- 7

        B.   The Merits and Sufficiency of the Plaintiff's Claims & Complaint --------- 7

        C.   The Sum of Money at Stake------------------------------------------------- 7

        D.    The Possibility of Dispute------------------------------------------------- 7

        E.   The Possibility of Excusable Neglect --------------------------------------- 8

        F.   Policy Favoring Decision on the Merits ------------------------------------- 8

IV.     REQUEST TO AFFIX ATTORNEY FEES--------------------------------------- 8

V.      CONCLUSION-------------------------------------------------------------------------10

Plaintiff's Application for Default Judgment        Case: 5:15-CV-01900-PA-KK

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) .............................................................. 6

*Blackwell v. Foley*,
  724 F. Supp. 2d 1068 (N.D. Cal. 2010) ................................................ 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ............................................................... 5

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986) ............................................................................. 9

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir.1986) ...........................................................6, 8

*Geddes v. United Fin.Group*,
  559 F.2d 557 (9th Cir.1977) ................................................................ 6

*Goodwin v. C.N.J., Inc.*,
  436 F.3d 44 (1st Cir. 2006) ................................................................. 8

*Helen L. v. DiDario*,
  46 F.3d 325 (3rd Cir. 1995) ................................................................ 3

*Independent Living Resources v. Oregon Arena Corp.*,
  982 F.Supp 698 (D. Org. 1997) ........................................................... 3

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002)...............................................7, 8

*Roberts v. Royal Atlantic Corp.*,
  542 F.3d 363 (2nd Cir. 2008) .............................................................. 3

Plaintiff's Application for Default Judgment       Case: 5:15-CV-01900-PA-KK

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*

   194 F. Supp. 2d 995 (N.D. Cal. 2001) ................................................... 8

*Vogel v. Rite Aid Corp.,*

   992 F.Supp.2d 998 (C.D. Cal. 2014) ................................................ 7

*Wilson v. Haria and Gogri Corp.,*

   479 F.Supp.2d 1127 (E.D. Cal. 2007) ................................................ 5

**Statutes**

42 U.S.C. § 12102(2)(A) ................................................................. 4

42 U.S.C. § 12102(a) ..................................................................... 4

42 U.S.C. § 12181(7)(B) ................................................................. 4

42 U.S.C. § 12182(a) ..................................................................... 4

42 U.S.C. § 12182(b)(2)(A)(iv) ....................................................3, 4

42 U.S.C. § 12188 ........................................................................ 5

42 U.S.C. § 12188(a) ..................................................................... 4

42 U.S.C. § 12205 ........................................................................ 8

ADAAG § 7.2(1) .......................................................................... 5

Cal. Civ. Code § 51(f) .................................................................... 5

Cal. Civ. Code § 52(a) ................................................................5, 8

Fed. R.Civ.Proc. 8(b)(6) ............................................................... 6

iv

---

Plaintiff's Application for Default Judgment     Case: 5:15-CV-01900-PA-KK

# I. PROCEDURAL POSTURE

The complaint was filed in federal court on September 17, 2015. The Proof of Service for Tan Oh was filed on February 29, 2016.  The Default of Defendant Tan Oh was taken on March 17, 2016. The other defendants Nejat Mirharooni and Shahnaz Mirharooni have not filed answers in this case.

# II. CONCISE FACTUAL STATEMENT

Plaintiff is an individual with disabilities. He is substantially limited in his ability to walk. He is a paraplegic who is reliant on a wheelchair for mobility. Exhibit 2 (Dec of Plaintiff), paragraph 2. In April 2015, plaintiff went to Shirt Highland Outlet ("Store") located at 1120 E. Highland Avenue, San Bernardino, California. *Id.* at paragraph 3.  As the plaintiff approached the business, he could not find any compliant van accessible parking space for use by persons with disabilities. Also there was an insufficient number of accessible parking spaces designated for use by persons with disabilities. Although plaintiff did not personally confront these barriers, transaction counter and path of travel in and throughout merchandize aisle were inaccessible. *Id.* at paragraph 4-8.

The plaintiff personally encountered this problem. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

After making a complaint to the Center for Disability Access, an investigator went and took photographs of the property at 1120 E. Highland Avenue, San Bernardino, California. Exhibit 3(Dec of Investigator), paragraph 3; Exhibit 4 (Photos).

The plaintiff would like to return to the business but is dissuaded from doing so because of the lack of compliant van accessible parking, sufficient

1

Plaintiff's Application for Default Judgment        Case: 5:15-CV-01900-PA-KK

number of accessible parking spaces, accessible transaction counter and accessible path of travel in and throughout merchandize aisle. As soon as these facilities are made accessible, plaintiff will be able to patronize the business again without fear of discrimination.

**III. ARGUMENT**

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint. In this case, defendant Tan Oh was served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, defendant Tan Oh, is not an infant or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendant Tan Oh was on notice as to what the Plaintiff was seeking as he was served with the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

> 1. **For injunctive relief**, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
> 2. **Damages** under the Unruh Civil Rights Act provide for actual damages and a statutory **minimum of $4,000**.
> 3. **Reasonable attorney fees, litigation expenses and costs of suit**, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

See complaint and prayer. The Plaintiff is entitled to the relief that she has prayed for in his Complaint.

**A.     The American with Disabilities Act**

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal

2

---

enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance.  H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on his Title III, ADA claim, the plaintiff must, "establish that (1) she is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3

Plaintiff's Application for Default Judgment        Case: 5:15-CV-01900-PA-KK

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);

4. The Plaintiff must have encountered the architectural barrier precluding her full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the plaintiff's civil rights were violated because defendant Tan Oh failed to provide compliant van accessible parking, sufficient number of accessible parking spaces, accessible transaction counter and accessible path of travel in and throughout merchandize aisle at the Store located at or about 1120 E. Highland Avenue, San Bernardino, California. Plaintiff will discuss each element, seriatim.

### 1.    *The Plaintiff is Disabled*

The plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2.    *The Defendant's Business is a Public Accommodation*

Sales or rental establishment are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(E).

### 3.    *The Business Presented Physical Barriers*

In the present case, the lack of compliant van accessible parking, sufficient number accessible of parking spaces, accessible transaction

4

Plaintiff's Application for Default Judgment         Case: 5:15-CV-01900-PA-KK

counter and accessible path of travel in and throughout merchandize aisle are barriers to plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4. Here, the lack of an compliant van accessible parking space is a violation of the law.

Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 33 spaces, it must have 2 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 33 spaces must have 2 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. *Id.* at 208.2.4. Here, there were 33 parking spaces and only one parking space was reserved for persons with disabilities.

Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK

inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1. Here, no such accessible transaction counter has been provided in violation of the ADA.

A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a). Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal....") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. Vogel v. Rite Aid Corp., 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK

#### 4.    *Summary*

The plaintiff is disabled. The defendant's business has unlawful barriers. The defendants failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring defendant to remove those unlawful barriers. *See* 42 U.S.C. § 12188.

### B.    The Unruh Civil Rights Act

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he/she was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for no more than a single statutory minimum penalty assessment of $4,000.00 as specified in California Civil Code § 52, and the actual attorney fees and costs that she has incurred in the amount of $4,510.00. See declaration of Potter filed contemporaneously with this Application.

### IV. THE EITEL FACTORS SUPPORT
### GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

7

Plaintiff's Application for Default Judgment        Case: 5:15-CV-01900-PA-KK

Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

**A.      Possibility of Prejudice to Plaintiff**

The plaintiff, a profoundly disabled person, has alleged that she suffers discrimination due to the defendants' failure to comply with the ADA and Unruh. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale).

**B.      The Merits of the Plaintiff's Claims and Sufficiency of the Claim**

These two *Eitel* factors are discussed above under section III of this brief. The plaintiff has sufficiently stated a meritorious claim.

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK

## C.      The Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the plaintiff only seeks a total of $8,510.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

## D.      The Possibility of Dispute

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

## E.      The Possibility of Excusable Neglect

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK

### F.      Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

### IV. REQUEST TO AFFIX ATTORNEY FEES

The plaintiff's rights were violated under Title III of the American with Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees. See 42 U.S.C. § 12205; Cal. Civ. § 52(a). With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under Title III of the ADA does not allow for damages. *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA."). Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule. Because the sole remedy under this particular cause of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award. In other words, because the plaintiff is entitled to injunctive relief under the ADA—not damages—the amount of a "reasonable" fee cannot be determined by the schedule. "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available. ADA Title III damages are always zero; yet Congress specifically

10

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK

offered statutory attorney fees as incentive to encourage attorneys to handle these important cases." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010).

Second, it would be inappropriate to use the local rule fee schedule to determine a reasonable fee for pursuing these civil rights claims. The fee schedule creates a proportionality rule between damage recovery and attorney fee award. This has been expressly rejected by the Supreme Court for use in civil rights cases. See *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose...."). As one federal court noted, "damages are not considered the primary purpose of California laws protecting physically disabled persons." *Blackwell*, 724 F.Supp.2d at 1077. "If fees were limited by the amount of damages, no matter how meritorious the clients' claims might be, attorneys simply would not take these cases. This would be contrary to legislative determinations that statutory attorney fees should encourage attorneys to represent disabled persons." *Id.*

In sum, it is simply inappropriate to tie the amount of recoverable attorney's fees to the amount of monetary recovery in these small dollar civil rights cases. The plaintiff requests this Court affix the attorney fees.

11

## V. CONCLUSION

The plaintiff respectfully request this Court grant his application for default judgment and issue the proposed judgment.


Dated: May 30, 2016                    CENTER FOR DISABILITY ACCESS


By: /s/ Mark Potter
Mark Potter, Esq.
Attorneys for Plaintiff

12

Plaintiff's Application for Default Judgment          Case: 5:15-CV-01900-PA-KK